***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for some modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and following in a Pre-Trial Agreement admitted into evidence by the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 4 August 1994, an employment relationship existed between plaintiff-employee (hereinafter "decedent") and defendant-employer.
3. On 4 August 1994, Michigan Mutual Insurance Company was the carrier at risk.
4. Decedent's average weekly wage on 4 August 1994 was $369.53, which yields a compensation rate of $246.37 per week, based upon the Form 21.
5. On 4 August 1994, decedent sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. The parties agree and stipulate that the compensable injury by accident on 4 August 1994 resulted in decedent's death on 14 January 2001.
6. The parties agree that the decision in plaintiff's claim for death benefits may be decided without the need of an initial hearing or depositions and may be decided on the Pre-Trial Agreement and the matters incorporated by reference therein, including plaintiff's and defendants' list of exhibits indentified therein.
7. Defendants preserved their rights to contest and do contest whether benefits are recoverable in this case under N.C. Gen. Stat. § 97-38,et seq., and whether any claim for death benefits in this case is barred by the doctrines of res judicata and collateral estoppel.
8. The nature of decedent's injuries was brain and other injuries more particularly described in the medical records.
9. Decedent last worked for defendant-employer on August 4, 1994, the date of the admitted injury by accident.
10. Bessie Hutchins Apple was the wife of and lived with decedent on the date of the 4 August 1994 injury by accident. The one child of the marriage is a son who was not dependent on decedent for support, and who, on 4 August 1994, was an adult greater than 18 years of age. Bessie Apple is decedent's sole dependent within the meaning of the Act.
11. As a result of decedent's death, Mrs. Apple incurred burial expenses exceeding the $2,000.00 maximum reimbursement under the Act.
12. Exhibits, indexed, referenced, listed or attached to the Pre-Trial Agreement as plaintiff's and defendants' lists of exhibits, were received into evidence.
13. The Opinion and Award of Deputy Commissioner Stephenson filed on 19 April 2001 in I.C. File No. 467935 is a part of the evidence of record.
14. The issues to be determined by the Commission are: (1) whether defendants owe death and burial benefits under the Workers' Compensation Act as a result of decedent's death; (2) whether plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1; (3) whether a claim for death benefits is recoverable in this case under N.C. Gen. Stat. § 97-38 et seq.; and (4) whether a claim for death benefits is barred by the doctrines of res judicata and collateral estoppel.
 ***********
Based upon all of the competent evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On 4 August 1994, decedent was a seventy-seven year old male employed by defendant-employer as a courier. On that date, decedent sustained a compensable injury when assailants struck him in the head with a sledge hammer.
2. On 20 October 1994, the Industrial Commission approved a Form 21, Agreement for Compensation for Disability, which had been signed by defendants and decedent's wife as his guardian ad litem. By this Agreement, the parties agreed that decedent's workers' compensation claim was compensable and that defendants would pay weekly indemnity benefits for "necessary weeks."
3. As a result of the compensable injury, decedent received in-house treatment from several hospitals until he was placed under the care of Winston-Salem Rehabilitative Healthcare Center (W-S Rehab) in August 1995. Except for brief periods of hospitalization for infection, decedent remained at this facility until his death on 14 January 2001.
4. Decedent reached maximum medical improvement with respect to his injuries between 10 March 1995 and 13 March 1995. At that time decedent was permanently and totally disabled and remained permanently and totally disabled until his death on 14 January 2001. However, there was no final determination of that disability until the Deputy Commissioner's Opinion and Award filed 19 April 2001 in I.C. File No. 467935.
5. On 4 August 1994 Bessie Hutchins Apple, widow, was wholly dependent upon support from decedent. There were no other individuals wholly or permanently dependent upon decedent for support at that time.
6. Bessie Hutchins Apple incurred funeral expenses in an amount in excess of $2,000.00 for the burial of decedent.
7. On 14 January 2001 decedent died as a direct consequence of his 4 August 1994 injuries. Decedent's date of death was more than 6 years after the date of his injury, but was before any final determination of disability.
8. Defendants have not denied death benefits without a reasonable basis or based on unfounded litigiousness. A legitimate legal issue is presented in this claim as to when the "final determination of disability" was made for purposes of N.C. Gen. Stat. § 97-38.
 ***********
Based upon the foregoing stipulated facts and findings of fact, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. On 4 August 1994, decedent sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of this compensable injury, decedent reached maximum medical improvement approximately 10 March 1995 to 13 March 1995, and was permanently and totally disabled from that time period until the date of his death on 14 January 2001. N.C. Gen. Stat. § 97-29.
3. N.C. Gen. Stat. § 97-38 provides as follows:
 "If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid [death benefits]. . . ." (italics added)
In this case, decedent's death was the proximate result of the compensable injury by accident, but his death did not occur within six years of the date of injury. However, decedent's death was within two years of the "final determination of disability" within the meaning of N.C. Gen. Stat. § 97-38. The final determination of disability was the issuance of Deputy Commissioner Stephenson's Opinion and Award on 19 April 2001 in which decedent was found to be permanent and totally disabled. The Form 21 Agreement entered into between the parties did not constitute a "final determination of disability" as contemplated by the statute, in that it provided for payment of disability compensation for "necessary weeks" and was entered into prior to the date decedent reached maximum medical improvement from his injuries. Therefore, plaintiff's claim for death benefits is not barred by N.C. Gen. Stat. § 97-38.
4. Bessie Hutchins Apple, decedent's surviving widow, is entitled to recover death benefits. N.C. Gen. Stat. § 97-38.
5. The widow and only dependent of decedent, Bessie Hutchins Apple, is entitled to reimbursement for funeral expenses in the amount of $2,000.00. N.C. Gen. Stat. § 97-38.
6. Defendants had a reasonable basis for their defense of this claim, and plaintiff is not entitled to recover additional attorney's fees. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
Defendants shall pay to Bessie Hutchins Apple weekly death benefits in the amount of $246.37 for a 400 week period commencing 15 January 2001. To the extent that these benefits have accrued they shall be paid in a lump sum, subject to attorney's fees awarded below. All other benefits shall be paid weekly as they accrue, subject to attorney's fees awarded below.
Defendants shall pay to Bessie Hutchins Apple $2,000.00 for funeral benefits.
A reasonable attorney's fee of 25% of the benefits provided in Award No. 1 above is approved for plaintiff's attorney. To the extent that these benefits have accrued, this sum shall be withheld and paid directly to counsel for plaintiff. For continuing benefits, defendants shall pay every fourth check to counsel for plaintiff.
Defendants shall pay the costs due this Commission.
This the ___ day of November 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING WITH A SEPARATE OPINION:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER